UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE LLEWELLYN,

    Plaintiff,

vs.                                   Civil Action No.: 6:23-cv-01545-RBD-DCI

GLOBE LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

**STIPULATED ORDER REGARDING THE PRODUCTION
OR DISCLOSURE OF PRIVILEGED OR PROTECTED
WORK PRODUCT INFORMATION**

Plaintiff, Jeanette Llewellyn, and Defendant, Globe Life And Accident Insurance Company, by and through their respective counsel, have jointly stipulated to the terms of a Stipulated Order Governing the Production or Disclosure of Privileged or Protected Work Product Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

I.    APPLICABILITY

    1.    This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence, and shall be applicable to and govern all deposition transcripts and/or videotapes, and hard-copy documents and electronically stored information ("ESI") produced in response to

requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted or disclosed by any of the parties in connection with this litigation, as well as testimony adduced at trial or during any hearing (collectively "Information").

2. Notwithstanding Paragraph 1, the terms contained in this Order shall not apply to any Information or discovery material produced by a party or a third party that is already in the possession of the party receiving that material.

## II. PRODUCTION OR DISCLOSURE OF DISCOVERY MATERIALS CONTAINING PRIVILEGED OR WORK PRODUCT PROTECTED INFORMATION

1. The production or disclosure of any privileged or otherwise protected or exempted Information as well as the production or disclosure of Information without an appropriated designation of confidentiality, shall not be deemed a waiver, forfeiture or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, and the protection afforded work product materials, that the producing or disclosing party would otherwise be entitled to assert with respect to the Information and its subject matter if:

2

a) the disclosure is inadvertent;

b) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

c) the holder promptly took reasonable steps to rectify the error as detailed herein. Hereinafter, information that meets such criteria shall be referred to as ("Protected Information").

2. The production or disclosure of Protected Information is not a waiver or forfeiture of the privilege or the protection in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d).

3. The producing or disclosing party must promptly notify the party receiving the Protected Information, in writing, that she or it has produced or disclosed Protected Information without intending a waiver by the production. Such notice must include a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A). Upon receiving such notification, all such Protected Information, and all copies thereof, shall, except as provided in paragraph 4, be returned to the producing or disclosing party within fifteen (15) business days of receipt of such notice and the receiving party shall not use such Protected Information

for any purpose. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Protected Information in electronic format.

4. The receiving party may contest the privilege or work-product designation or claim by the producing or disclosing party and, in such an event, shall give the producing or disclosing party written notice of the reason for said disagreement within ten (10) days of receiving the producing party's notice as set forth in paragraph 3 above. In the event the parties are unable to agree as to the resolution of the privilege/work product dispute, the receiving party shall, within fifteen (15) business days of written confirmation that the parties are unable to resolve the privilege/work product dispute, seek an Order from the Court determining whether the Information claimed to be Protected Information is, in actuality, privileged and/or work-product material. Should the Court determine that the Information is not privileged and/or work-product protected material, the receiving party may retain and use such Information as is consistent with the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Should the Court determine that the Information is privileged and/or work-

4

product protected material, then the receiving party shall comply with paragraph 3 hereof.

5. Any analyses, memorandum or notes which were internally generated based solely upon such produced or disclosed Protected Information deemed privileged or to constitute work-product protected material shall immediately be placed in a sealed envelope, and shall be destroyed in the event that (a) the receiving party does not contest that the Information is privileged and/or protected work product, or (b) the Court rules that the Information is privileged and/or protected work product. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing or disclosing party agrees in writing that the Information is not privileged or protected work product, or (b) the Court rules that the Information is not privileged or protected work product.

6. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected Information before production.

STIPULATED AND AGREED TO ON October 10, 2023.

Plaintiff, Jeanette Llewellyn, by

_____ 10/9/23
Gregory Swartwood, Esq.

Defendant, Globe Life And Accident Insurance Company, by

_____ 10/10/23
John L. Maloney, Esq.

IT IS SO ORDERED:

Dated  10/13/2023

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE